UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

| | |
|---|---|
| LINDA BECKER, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>LIFE INSURANCE COMPANY OF )<br>NORTH AMERICA )<br>    Defendant. ) | Case No. 18-cv-4145 |

NOTICE OF REMOVAL BY DEFENDANT

Defendant Life Insurance Company of North America ("LINA") hereby removes this case, pursuant to pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1442, and 1446 and D. Kan. R. 81.1, from the District Court of Shawnee County, Kansas to the United States District Court for the District of Kansas and respectfully states to this Court the following:

1. Plaintiff Linda Becker ("Plaintiff") filed this civil action against defendant in the District Court of Shawnee County, Kansas, *Becker v. Life Insurance Company of North America*, Case No. 2018-CV-000819 (the "Action"), alleging that she is due certain benefits under an insurance policy issued by LINA.

2. Plaintiff accomplished service on Defendant of the Summons and Complaint no earlier than November 13, 2018.

3. The service of the Summons and Petition on LINA no earlier than November 13, 2018 was the first receipt by LINA through service or otherwise of a copy of a pleading setting forth a claim for relief upon which the Action is based.

4. Plaintiff alleges that she was a "participant" in an "employee welfare benefit plan" (the "Plan") as those terms are defined in the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq. See* 29 U.S.C. § 1002(1) & (7); Petition at ¶ 8.

5. The Plan provides certain benefits, including disability benefits. The Plan's disability benefits ("Plan Benefits") are provided pursuant to an insurance contract issued by LINA to Sisters of Charity Leavenworth Health Systems, Inc. (the "Policy"). Plaintiff is a former employee of Sisters of Charity Leavenworth Health Systems, Inc. *See* Petition ¶ 17.

6. Plaintiff has asked that LINA provide Plan Benefits, but LINA has denied the claim. As a result, Plaintiff has filed the Action, alleging a claim for the Plan Benefits and attorneys' fees pursuant to ERISA § 502, 29 U.S.C. § 1132. *See* Petition ¶¶ 8, 56.

7. Plaintiff would be entitled to prevail, if at all, only by virtue of the fact that he is a "participant" in an "employee welfare benefit plan" as defined, respectively, by §§ 3(7) and 3(1) of ERISA, 29 U.S.C. §§ 1002(1), (7). Accordingly, the claim for the Plan Benefits asserted by Plaintiff in the Action is for "benefits due" under § 502(a) of ERISA. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

8. Plaintiff's claim as pleaded is for benefits under ERISA, which is a federal claim.

9. Accordingly, the Action is one of which the United States District Courts are given original jurisdiction by virtue of 28 U.S.C. § 1331, and ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), in that plaintiff's purported state law claim arises under § 502(a)(1)(B) of ERISA, a law of the United States.

10. Alternatively, removal jurisdiction exists based on 28 U.S.C. § 1441(a), which provides that a defendant may remove any civil action filed in a state court of which the district courts of the United States have original jurisdiction. Original jurisdiction in this case exists by reason of 28 U.S.C. § 1332. There is complete diversity of citizenship between the plaintiff and the defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. Plaintiff alleges in her Petition that he is a resident and citizen of Kansas. Petition ¶ 1.

12. Plaintiff alleges in her Petition that defendant is a "foreign" corporation, and that it is a Pennsylvania corporation. Petition ¶ 3.

13. Defendant is a Pennsylvania corporation with its principal place of business in Pennsylvania. Therefore, defendant is a citizen of Pennsylvania under 28 U.S.C. § 1332(c)(1).

14. Defendant is not a citizen of Kansas, and plaintiff is not a citizen of Pennsylvania.

15. Plaintiff seeks an award of past due and future short and long-term disability benefits. Petition at 10-11. If successful, plaintiff would receive as much as $4,120.00 per month in long-term disability benefits (assuming no offsets under the Policy) through 3/25/2025. The total of past due and future benefits would exceed $75,000, exclusive of interest and costs. Additionally, plaintiff seeks an award of attorneys' fees under ERISA § 502(g), which may be properly considered in calculating the amount in controversy.

16. Accordingly, the amount in controversy exceeds $75,000, exclusive of interest and costs, and the Action is between citizens of different states, with the defendant not being a citizen of the forum state. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

17. This Notice of Removal is timely according to 28 U.S.C. § 1446(b).

18. The United States District Court for the District of Kansas embraces the county in which the Action is now pending, Shawnee County, Kansas. Therefore, this Action is properly removed to the District of Kansas pursuant to 28 U.S.C. § 96 and 28 U.S.C. § 1441(a). The notice of removal will be filed with the record office in Topeka, Kansas, as required by Local Rule 81.1(b).

19. Pursuant to 28 U.S.C. § 1446(d), Defendant is filing written notice of this removal with the Clerk of the District Court of Shawnee County, Kansas.

20. Copies of the Notice of Filing Notice of Removal, together with this Notice of Removal, are being served upon Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

21. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.2, within 21 days, Defendant will file a copy of all records and proceeding had in the state court. Additionally, a copy of all process, pleadings, and orders served upon Defendant is attached as Exhibit A.

22. The action is not an action described in 28 U.S.C. § 1445 and removal is not prohibited thereby.

23. Under the applicable provisions of 28 U.S.C. §§ 1441 and 1446, and other applicable statutes, all of which Defendant has complied with, this Action is removable to the United States District Court for the District of Kansas.

Accordingly, Defendant hereby removes this action from the District Court of Shawnee County, Kansas to the United States District Court for the District of Kansas, pursuant to 28 U.S.C. §§ 1441 and 1446.

Defendant designates Topeka, Kansas as the place of trial.

        Respectfully submitted,
        STINSON LEONARD STREET LLP

By <u>s/Christopher J. Leopold</u>
    William E. Hanna, KS #14480
    Christopher J. Leopold, KS # 19638
    1201 Walnut Street, Suite 2900
    Kansas City, MO 64106
    816.842.8600 ||816.691.3495 [F]
    william.hanna@stinson.com
    chris.leopold@stinson.com

    ATTORNEYS FOR DEFENDANT

<u>Certificate of Service</u>

On December 12, 2018, a copy of the above and foregoing was filed with the Court's ECF system, with service electronically thereby on Tai J. Vokins, Attorneys for Plaintiff. The notice was also sent via email and U.S. Mail to the addresses as stated in the Petition.

      <u>s/Christopher J. Leopold</u>
      Attorney for Defendant